## GILBERTSON v. GILBERTSON.

Divorce: INHUMAN TREATMENT: INSUFFICIENT EVIDENCE.

*Appeal from Emmett District Court.*—HON. GEO. H. CARR, Judge.

FILED, FEBRUARY 8, 1889.

ACTION for a divorce. The defendant, denying the allegations of plaintiff's petition, made his answer a cross-bill, in which he prayed for a divorce upon grounds therein alleged. Upon a trial on the merits both the petition and cross-bill were dismissed. Plaintiff appeals.

*J. G. Myerly,* for appellant.

*Soper & Allen,* for appellee.

BECK, J.—The plaintiff, as grounds of divorce, charges that defendant has been guilty of such inhuman treatment as to endanger the life of plaintiff. This charge is based mainly upon abusive and scandalous language used by defendant to and of plaintiff and in charging her with unchastity. It is alleged that defendant used violence toward a son of the parties at a time shortly after plaintiff's confinement, which caused plaintiff to swoon and seriously affected her health. On one occasion he severely choked her. Plaintiff alleges that defendant's acts and language have seriously affected her health, she being of a delicate and sensitive nature, and thereby her life has been endangered.

The defendant denies all the allegations of the petition charging him with inhuman treatment. The allegations of his cross-bill, in which he prays for a divorce, need not be recited as all questions arising thereon are eliminated from the case by the failure of defendant to appeal. He cannot be heard to complain of the decree of the court below.

In our opinion the district court rightly dismissed plaintiff's petition. The evidence shows that defendant's language and deportment were not always proper. But the violence charged in the petition has not been established by the preponderance of the evidence. But plaintiff herself was not wholly without fault, and we think in view of her disposition and character, as disclosed by the evidence, her health and life were not endangered by defendant's acts and language.

It appears that the parties have been married more than twenty-five years and have raised a family of children, some of whom have reached years of maturity. These gave conflicting evidence as to the acts and conduct of the parties involved in the allegation of plaintiff's petition. We reach the conclusion upon a careful consideration of the evidence that plaintiff's life has not been endangered by defendant's language and treatment towards her, and we think it not probable that it will be.

We conclude that there is no ground shown for divorcing the parties. It is needless to enter into a discussion of the evidence. It would be of profit to no one and of interest to none but the parties.

AFFIRMED.